**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

EMILY SIZEMORE,

      Plaintiff,

v.

CITY OF MONTGOMERY,
ALABAMA, et al.,

      Defendant.

    )
    )
    )
    )
    )
    )
    )
    )
    )
    )

**CIVIL ACTION NO.
2:23-cv-00198-MHT
(WO)**

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on March 19, 2026, wherein the following proceedings were held and actions taken:

1.     **Parties and Trial Counsel:**

      **Plaintiff:**
      Emily Sizemore

      Sidney M. Jackson
      Samuel Fisher
      Nicki Lawsen
      *Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC*

      Henry Lewis Gillis
      Kristen Jordana Gillis
      *Gillis Law Group, P.C.*

      **Defendants:**
      City of Montgomery

      Rand Neeley
      Juraldine Battle-Hodge
      *City of Montgomery*

Richard Dorman                          Rand Neeley
                                        Juraldine Battle-Hodge
                                        *City of Montgomery*

Ernest Finley                           Wallace D. Mills
                                        *Wallace D. Mills, P.C.*

**Counsel Appearing at Pretrial Hearing:**

**Plaintiff:**
Emily Sizemore                          Sidney M. Jackson
                                        Nicki Lawsen
                                        *Wiggins, Childs, Pantazis,*
                                        *Fisher & Goldfarb, LLC*

**Defendant:**
City of Montgomery                      Rand Neeley
                                        Juraldine Battle-Hodge
                                        *City of Montgomery*

Richard Dorman                          Rand Neeley
                                        Juraldine Battle-Hodge
                                        *City of Montgomery*

Ernest Finley                           Wallace D. Mills
                                        *Wallace D. Mills, P.C.*

2.    **Jurisdiction and Venue:** Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.    **Pleadings:**   The following pleadings and amendments were allowed:

Amended Complaint (Doc. 26)
Answer to Amended Complaint (Doc. 30)

2

**4.    Contentions of the Parties:**

**(a)  Plaintiff**

Plaintiff alleges the following:

This is a case brought against the City of Montgomery and former Montgomery Police Chief Ernest Finley for Excessive Force, Failure to Train and Supervise, and Failure to Discipline pursuant to the Fourth and Fourteenth Amendments through 42 U.S.C. §1983. Additionally, this case includes a claim for Excessive Force pursuant to the Fourth and Fourteenth Amendments through 42 U.S.C. §1983, against former Montgomery Police Department Officer, Richard Dorman. Dorman is also sued for Alabama state law claims of Assault and Battery; Invasion of Privacy; Outrage; and Negligence. A jury trial has been demanded.

The above claims have been asserted in this lawsuit based on the events that occurred in the late hours of April 9, 2021. At that time, Emily Sizemore, a 25-year-old widow was driving home alone and was pulled over, under false pretense, by Officer Dorman. Soon thereafter, Sizemore became the target of excessive and unconstitutional force by Officer Dorman. Within moments of stopping in front of her own home, Ms. Sizemore was yelled at, threatened, straddled, yanked out of her car, and tased repeatedly while under the full control of Dorman with at least one of her wrists handcuffed—despite posing no physical threat, flight risk, no active resistance, and attempting to comply.

Dorman failed to identify himself, failed to tell Sizemore why she was pulled over, failed to warn Sizemore before using force, and violated his own department's policies in the process. Dorman then told a demonstrably false account of events to the magistrate in order to have a warrant issued. City of Montgomery and Finley failed to properly train and supervise Dorman and defended his conduct—just as they had done in excessive force claims in the past—despite knowing better. The City repeatedly demonstrated, through action and inaction, that it condoned force even when such action violated written policy, training, and constitutional boundaries. Officer Dorman's use of force was excessive and it flowed from a municipal custom or policy of deliberate indifference. Defendants' actions violated clearly established law. Sizemore relies on the law asserted in her oppositions to Defendants' summary judgment motions. Qualified and/or State Agent immunity is inapplicable to the Defendants.

**Factual Summary**

Emily Sizemore adopts and incorporates the facts as stated in the Statement of Facts sections of her oppositions to Defendants' summary judgment motions. (Docs. 99 and 100).

**Damages**

Emily Sizemore is entitled to compensatory damages, nominal damages, pre-judgment interest, attorneys fees, expenses, and other equitable relief awarded by

the Court against the City of Montgomery. Sizemore is entitled to compensatory damages, punitive damages, nominal damages, pre-judgment interest, attorneys fees, expenses, and other equitable relief awarded by the Court against Richard Dorman and Ernest Finley.

**\*All defenses not previously asserted have been waived by Defendants.\***

   **(b) Defendants City of Montgomery and Richard Dorman**

   Defendants allege the following:

   **Federal Law Claims**

   The City of Montgomery contends that Plaintiff cannot demonstrate a long-standing and widespread practice regarding the use of tasers or other lethal and or non-lethal devices or practices not authorized by written law or express municipal policy, that has become 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.

   Similarly, the City of Montgomery contends that Plaintiff cannot present sufficient evidence demonstrating the City knew of a need to train and/or supervise in relevant area(s) and / or that the City made a deliberate or conscious choice to not take action. Plaintiff cannot show a pattern of similar constitutional violations by untrained employees to demonstrate deliberate indifference for purposes of failure to train.

Finally, the City of Montgomery contends Plaintiff cannot demonstrate a persistent failure to take disciplinary actions against officers in matters alleging excessive force and or use of tasers.  Thus, Plaintiff cannot establish the City has ratified unconstitutional conduct, thereby establishing an unconstitutional custom that can subject the City to liability.

Defendant Richard Dorman contends that he is entitled to qualified immunity as his actions did not violate any of Plaintiff's constitutional rights.  It is undisputed that Officer Dorman was acting within his discretionary authority and Plaintiff cannot demonstrate that Defendants violated clearly established law that at the time of the events in question was sufficiently clear that every reasonable officer would understand that what he is doing' is unlawful.

**State Law Claims**

Plaintiff makes four potential state claims against the City of Montgomery and Richard Dorman: 1) assault and battery, 2) invasion of privacy, 3) outrage and 4) negligence. Defendants City of Montgomery and Defendant Richard Dorman contend that they are entitled to state agent immunity as to each and every claim.

Plaintiff cannot demonstrate Defendant Richard Dorman's conduct was committed in violation of the Constitution and the laws of the United Staes, the Constitution and laws of the State of Alabama and/or the laws, ordinances, rules, policies and/or regulations of Defendant City of Montgomery, which were enacted

and/or promulgated for the purpose of regulating the boundaries of permissible activities of law enforcement personnel.

Defendant Richard Dorman contends that he was acting within his discretionary authority and with regard for his own safety given the totality of the circumstances. Because his actions did not amount to excessive force, he did not use more force than necessary to effectuate the arrest.

Defendant Richard Dorman contends his entry into Plaintiff's arguable "physical and emotion sanctum," was lawful and a necessary measure to safely and expeditiously gain control and effect the arrest. Additionally, Defendant Richard Dorman contends that utilizing a taser, a non-lethal device, to gain control of a non-compliant, resisting Plaintiff who failed to yield to lawful commands was not outrageous or beyond the bounds of decency.

Moreover, Defendant Richard Dorman contends the force he applied was not excessive, and within his discretion to utilize, therefore, he breached no duty to Plaintiff by exercising his discretion in applying enough force to gain control and effect the arrest.

Defendant City of Montgomery contends that because its employee, Defendant Richard Dorman, is entitled the state-agent immunity, said immunity passes to the City, making it immune due to state-agent immunity.

7

**(c) Defendant Ernest Finley**

Plaintiff makes two potential claims against Chief Finley: 1) a custom and policy violation made generally and 2) a claim for failure to train, supervise, and discipline. A custom and policy claim against a supervisor who was not directly involved in the alleged deprivation of rights requires, among other things, that the supervisor had notice of "a history of widespread abuse" sufficient to put him on notice of a need to correct the alleged deprivation. Brown v. Crawford, 906 F.2d 667,670 (11th Cir. 1990). Finley asserts that he had no such notice and that he did act, through the written policy, to prevent any such abuse.

As to the failure to train, supervise, or discipline claim, Finley similarly asserts that he did not have knowledge, either actual or presumed, that his employees were incompetent or in need of more or different training and/or supervision. Finley further asserts that there is no evidence of the requisite deliberate indifference; that he "made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

Finley further asserts that Plaintiff cannot establish an unofficial custom or policy against him; that there is insufficient evidence to infer that he committed "repeated acts" as a final policymaker to support such an unofficial custom or policy. Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329–30 (11th Cir. 2003). Finley's

position is that the two written policies on the use of force at issue in this case pass constitutional muster.

Finally, Finley asserts that he is entitled to qualified immunity; that there is either no constitutional violation with regard to his actions as supervisor or his training and supervision or that any such violation was not clearly established at the time or both.

**5.    Stipulations By and Between the Parties:**

N/A

**\*\*\***

It is ORDERED that:

(1)  The jury selection and trial of this cause, which is to last three days, are set for May 11, 2026, at 10:00 a.m., at the United States Courthouse in Montgomery, Alabama;

(2)  Motions for summary judgment (Doc. 68 and Doc. 73) and motions to exclude expert testimony (Doc. 76 and Doc. 77) remain pending and will be resolved before trial.

(2)  A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of

the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed by May 1, 2026;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 35, as modified) entered by the court on November 28, 2023; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be

10

binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 23rd day of March, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE