IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EMILY SIZEMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:23cv198-MHT |
| | ) | (WO) |
| CITY OF MONTGOMERY, | ) | |
| ALABAMA, a municipal | ) | |
| corporation; et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER ON MOTIONS TO EXCLUDE EXPERTS

This order and opinion accompanies the other order and opinion entered today finding (1) that defendant Richard Dorman is not entitled to summary judgment in his favor on the claims brought by plaintiff Emily Sizemore for excessive force, assault and battery, and negligence, and that these claims will proceed to trial; (2) that Dorman is entitled to summary judgment in his favor on Sizemore's claims for invasion of privacy and outrage; and (3) that defendants Ernest Finley and the City of

Montgomery are entitled to summary judgment in their favor on all of Sizemore's claims against them.[1]

In addition to moving for summary judgment, defendants Dorman, Finley, and City of Montgomery have filed an amended motion seeking to exclude Sizemore's proposed expert witness, Nathaniel Allen, a retired police chief with 36 years of law enforcement experience.[2] They argue that Allen's conclusions are unreliable, speculative, do not require specialized knowledge, lack a factual basis, and amount to impermissible legal conclusions. Plaintiff Sizemore has filed a motion seeking to exclude the defendants' proposed expert, Dennis Smithee, an Alabama Law Enforcement Agency officer with 30 years of law enforcement experience. She argues that Smithee's conclusions are biased, speculative,

---

1. The court did not rely on any expert materials when reaching its summary-judgment decision.

2. Finley filed the motion to exclude Sizemore's expert witness. Dorman and the city moved to adopt and join Finely's motion and reply, which the court granted. *See* Orders (Doc.94 and Doc. 108).

2

misleading, and amount to impermissible legal conclusions.

Sizemore responded to defendants' motion to exclude Allen, but for some reason, none of the defendants responded to Sizemore's motion to exclude Smithee.

## I.   STANDARD

Federal Rule of Evidence 702 allows experts to offer opinion testimony if:

> "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> "(b) the testimony is based on sufficient facts or data;
>
> "(c) the testimony is the product of reliable principles and methods; and
>
> "(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

Fed. R. Evid. 702.  Before an expert may testify, the court must play a gatekeeping role to ensure that the testimony is reliable.  *See Kumho Tire Co., v. Carmichael*, 526 U.S. 137, 141 (1999); *Daubert v. Merrell*

*Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  Even if part of an expert's testimony is based on unreliable methodology, the court should allow those parts that are reliable and admissible.  *See United Fire and Cas. Co. v. Whirlpool Corp.*, 704 F.3d 1338, 1342 (11th Cir. 2013) (per curiam).

## II.  DISCUSSION

As stated above, defendants, for inexplicable reasons, have not responded to Sizemore's motion to exclude Smithee.  Sizemore's motion is therefore granted as unopposed.

As to defendants' motion to exclude Allen, to which Sizemore replied, that motion will be granted in part and denied in part.  Allen seeks to testify about whether Dorman used excessive force during his arrest of Sizemore.  "An opinion is not objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704.  However, the court "must be the jury's only source of law."  *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d

1537, 1541 (11th Cir. 1990). "Whether the force that [an officer] used was excessive is a pure question of law." *Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013). "In an excessive force case a qualified expert can testify about matters like the 'prevailing standards in the field of law enforcement,'" but not about whether an officer used excessive force. *Pipkins v. City of Hoover*, 134 F.4th 1163, 1173 (11th Cir. 2025) (quoting *Samples v. City of Atlanta*, 916 F.2d 1548, 1551 (11th Cir. 1990)).

Accordingly, Allen's opinion about whether Dorman used excessive force is "not a matter subject to expert testimony." *Myers*, 713 F.3d at 1328 (quoting *Freund v. Butterworth*, 165 F.3d 839, 863 n. 34 (11th Cir. 1999) (en banc)). The motion is therefore granted to the extent it seeks to exclude such an impermissible legal conclusion.

At this time, the court declines to reach the rest of the defendants' arguments. The court would like to hear the proposed testimony itself and pose questions

5

seeking clarification, so that it can make a detailed determination about what portions, if any, are admissible. Immediately before trial, Allen will be conditionally allowed to testify before the court, outside the presence of the jury. The court will hear the testimony and then render an opinion.

***

Accordingly, it is ORDERED that:

(1) Defendants Ernest Finley and the City of Montgomery's amended motion to exclude plaintiff Emily Sizemore's expert Nathaniel Allen (Doc. 76) is denied as moot because the court has granted summary judgment in favor of these two defendants.

(2) Defendant Richard Dorman's amended motion to exclude plaintiff Sizemore's expert Nathaniel Allen (Doc. 76) is granted to the extent that Allen may not testify to whether defendant Dorman used excessive force, but is provisionally denied in all other respects until

the court hears the proposed testimony outside the presence of the jury.

(3) Plaintiff Sizemore's motion to exclude defendant Dorman's expert Dennis Smithee (Doc. 77) is granted as unopposed.

DONE, this the 27th day of March, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

7